### MAURIN ET AL *vs.* DASHIELL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE PARISH OF IBERVILLE, JUDGE NICHOLLS, OF THE SECOND, PRESIDING.

The ten days allowed for the defendant to answer in, are not required *to expire before* the commencement of the term to which he is cited. As soon as they expire, if the court is in session, the plaintiff may proceed to take judgment by default if the answer is not put in.

This is an action against the maker of three promissory notes, payable to the order of one Robert D. Percy, and by him endorsed in blank. The plaintiffs allege, that the payment of said notes is secured by a mortgage on a plantation and slaves, which is expressed in an act of sale with mortgage, between one T. Lesassier and the said A. Dashiell, bearing even date with said notes, and dated the 8th of March, 1836. They pray judgment for the amount of said notes, with mortgage on the plantation and slaves, and that they be seized and sold to satisfy it. The defendant excepted to having the cause set for trial at the April term, 1839, of the court, because there was not ten days elapsed between the service of citation and the commencement of said term. That he must have until the term following to answer in. The

MAURIN ET AL.
vs.
DASHIELL.

exceptions were overruled, and the defendant excepted to the decision of the court.

He then filed an answer, averring and setting up various defects and encumbrances in the title to the plantation and slaves, for which the notes sued on were given, embracing the same matters contained in the defence to the suit of Timoleon Lesassier against him. *See* 13 *Louisiana Reports,* 151, and the same case just decided on a second appeal ; *see ante,* 467.

The defendant prays that the sale be rescinded, the notes cancelled and given up, and the money paid refunded with damages.

There was judgment overruling all the matters set up in the defence, from which the defendant appealed.

*Lobdell,* for the appellant.

*Winchester* and *Ives,* contra.

*Bullard, J.,* delivered the opinion of the court.

This case presents the same questions which have just been considered in the case of Lesassier *vs.* Dashiell, it being a suit on another instalment of the price. Other incidental questions arose, however, which we proceed to notice.

The appellant contends, that the court erred in overruling his exception, by which he insisted on his right to have the legal delays for answering before the first day of the term, and in setting down the case for trial at that term. We are of opinion that the court did not err. The 310th article of the Code of Practice, authorizes a judgment by default after the legal delays ; that is, after ten days from the service of citation, when the defendant resides in the place of holding the court, and the addition of one day for every ten miles that his residence is distant from such place. It does not distinguish whether these days are to run in vacation, or in term time. Whenever that delay expires, in our opinion, if the court be in session, the plaintiff is entitled to a judgment by default, if the defendant fails to answer. The article 317,

provides that it shall suffice that the answer is filed on the first day of the term, even when the delay expires sooner.

The endorsements on the note were in blank, and the plaintiff was permitted to strike out the last on the trial. We see no objection to this. *Chitty on Bills,* 371.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.